# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**FILED**

August 31, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**In Re: B.W., A.W., & E.W.**

**No. 15-0219** (Preston County 13-JA-45 through 13-JA-47)

## MEMORANDUM DECISION

Petitioner Mother L.W., by counsel Mary Elizabeth Snead, appeals the Circuit Court of Preston County's February 18, 2015, order terminating her parental rights to B.W., A.W., and E.W. The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed its response in support of the circuit court's order. The guardian ad litem ("guardian"), Chaelyn W. Casteel, filed a response on behalf of the children in support of the circuit court's order.[1] On appeal, petitioner argues that the circuit court erred in denying her motion to extend her improvement period.[2]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In December of 2013, the DHHR filed a petition for immediate custody of the minor children in imminent danger alleging that petitioner left the children with various caretakers for extended periods of time and failed to maintain contact with either her children or the caretakers. The petition also alleged that petitioner abused illegal drugs. That same month, the circuit court

---

[1]The guardian's response to this Court, which was filed as a summary response pursuant to Rules 10(e) and 11(h) of the Rules of Appellate Procedure, fails to include a section regarding the status of the children. This information is of the utmost importance to this Court. We refer the guardian to Rule 11(j) of the Rules of Appellate Procedure, which requires briefs in abuse and neglect appeals to contain a section on the current status of the children, permanent placement goals, and the current status of the parental rights of all of the children's parents. We decline to employ its use in this matter, but we caution the guardian that Rule 10(j) provides for the imposition of sanctions where a party's brief does not comport with the Rules.

[2]We note that West Virginia Code §§ 49-1-1 through 49-11-10 were repealed and recodified during the 2015 Regular Session of the West Virginia Legislature. The new enactment, West Virginia Code §§ 49-1-101 through 49-7-304, has minor stylistic changes and became effective ninety days after the February 19, 2015, approval date. In this memorandum decision, we apply the statutes as they existed during the pendency of the proceedings below.

1

held an adjudicatory hearing. Petitioner stipulated that she neglected her children in that she admitted she left her children with various caregivers without ascertaining whether they were appropriate caregivers. Further, petitioner admitted that she failed to maintain appropriate contact with her children and the caregivers. Thereafter, the circuit court granted petitioner a post-adjudicatory improvement period.

In April of 2014, the circuit court held a status hearing on the progress of petitioner's post-adjudicatory improvement period. A Child Protective Services ("CPS") worker testified that petitioner missed several parenting and adult life skills classes. Despite this testimony, the circuit court continued petitioner's post-adjudicatory improvement period. The circuit court directed petitioner to continue the parenting and adult life skills classes and to submit to random drug screens. Two months later, the circuit court held another status hearing on petitioner's progress. CPS workers testified that services were discontinued because petitioner failed to participate in parenting and adult life skills classes. The workers also testified that petitioner failed to provide the DHHR with the results of her drug screens. Nonetheless, the circuit court continued petitioner's post-adjudicatory improvement period. In July of 2014, the circuit court held its final status hearing. After taking testimony, the circuit court found that petitioner did not successfully complete the terms of her improvement period. Petitioner filed a motion for a dispositional improvement period.

In October of 2014, the circuit court held a dispositional hearing. The circuit court heard testimony that petitioner failed to successfully complete her improvement period based on a lack of compliance and that petitioner tested positive for buprenorphine and marijuana throughout the proceedings, including after the two previous hearings. By order entered February 18, 2015, the circuit court found that there was no reasonable likelihood that petitioner could substantially correct the conditions of neglect in the near future and that termination was necessary for the children's welfare. The circuit court's order also denied petitioner's motion for a dispositional improvement period due to her lack of compliance with her post-adjudicatory improvement period and positive drug screens. This appeal followed.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re: Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that the circuit court erred in denying her motion to extend her improvement period. West Virginia Code § 49-6-12(g) provides that

> [a] court *may* extend any improvement period granted . . . for a period not to exceed three months when the court finds that the [parent] has substantially complied with the terms of the improvement period; that the continuation of the improvement period will not substantially impair the ability of the department to permanently place the child; and that such extension is otherwise consistent with the best interest of the child. (emphasis added).

We have held that the word "may" is permissive and connotes discretion. *See Gebr. Eickhoff Maschinenfabrik Und Eisengieberei mbH v. Starcher*, 174 W.Va. 618, 626 n. 12, 328 S.E.2d 492, 500 n. 12 (1985) ("[a]n elementary principle of statutory construction is that the word 'may' is inherently permissive in nature and connotes discretion." (citations omitted)). While petitioner argues that she presented evidence that she enrolled in a drug treatment program, the record clearly shows that she failed to attend parenting and adult life skills classes, tested positive for drugs throughout the underlying proceedings, and failed to have contact with her children for several months. Further, as noted above, whether to grant a motion for an extension of an improvement period is a matter within the sound discretion of the circuit court. The record does not reflect that petitioner substantially complied with the improvement period between February and October of 2014. She failed to show any improvement since the filing of the petition and the dispositional hearing. Therefore, following our thorough review of the record on appeal, we find no error in the circuit court's denial of petitioner's motion for an extension of her improvement period.

Likewise, this same evidence also supports the circuit court's order terminating petitioner's parental rights. Pursuant to West Virginia Code § 49-6-5(a)(6), circuit courts are directed to terminate parental rights when they find that there is no reasonable likelihood that a parent could substantially correct the conditions of neglect in the near future and that termination is necessary for the children's welfare. West Virginia Code § 49-6-5(b)(3) provides that no reasonable likelihood that the conditions of abuse or neglect can be substantially corrected exists when "[t]he abusing parent . . . [has] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts[.]" As explained above, several witnesses testified that petitioner failed to comply with her services and that she failed to remain drug free. It is clear, therefore, there was no reasonable likelihood that she could substantially correct the conditions of abuse or neglect in the near future. Accordingly, we cannot find error in the circuit court's termination of petitioner's parental rights.

For the foregoing reasons, we find no error in the circuit court's February 18, 2015, order, and we hereby affirm the same.

Affirmed.

**ISSUED**:  August 31, 2015

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

4